```
UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :       Chapter 7
In re:                                              :
                                                    :       Case No. 05-38083 (cgm)
        YEVGENIA SHOCKOME,                          :
                                                    :
                                    Debtor.         :
                                                    :
-------------------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER ON
## DEBTOR'S REQUEST FOR STAY PENDING APPEAL

   Debtor filed the above-captioned Chapter 7 case on October 5, 2005. The Debtor is represented by Warren Greher, the attorney of record. On May 3, 2006, the Debtor submitted an "Ex parte application for Stay of Garnishment by Dutchess County SCU" (the "Application"). The Application was filed without the knowledge or assistance of the Debtor's counsel and sought (1) to stay garnishment of her wages by the Support Collection Unit of Dutchess County, and (2) to amend or reopen her motion seeking sanctions for violation of the automatic stay, which was settled by the parties on March 9, 2006. The Court denied the Application by order dated May 3, 2006 (ECF Docket No. 16), and the Court's reasons for denying the Application included the *Rooker-Feldman* doctrine, the well-established rule that Federal courts should avoid deciding family law matters wherever possible, and the lack of any evidence that collection of child support constitutes a violation of the automatic stay in view of 11 U.S.C. § 362(b)(2). The Court's reasoning is set forth more fully in the May 3, 2006 order.

   On May 9, 2006, the Debtor submitted, once again without the assistance of her counsel, a letter request for, among other things, (1) waiver of the fee required for filing a notice of appeal, (2) that the letter request be considered an informal notice of appeal, and (3) a stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. Thereafter, the Debtor filed a formal notice of appeal and paid the required fee, so that the Court need now consider only the request for a stay pending appeal.

   It should first be noted that while the Debtor accuses her attorney of failing to communicate or act to her satisfaction, the Debtor also acknowledges that her attorney is in regular contact with her. This Court does not believe it should become involved with the attorney-client relationship in this case, except to note that from what the Court has observed, the Debtor's attorney was justified in refusing to seek on the Debtor's behalf the relief sought in the Application, which was not supported by existing law. The Court's view of the Debtor's history of bringing motions in this Court without the assistance of her counsel (this is the third occasion) is not due to any neglect of her counsel, but because of the Debtor's refusal to accept any order or ruling that is in conflict with her demands.

Second, it should be noted that this Court will not interfere with a state court's order mandating Debtor's payment of child support and will not undermine the collection of child support that has been ordered by a state court judge. If it is ever appropriate for a bankruptcy court to determine the extent, amount or validity of child support obligations, this is not such a case, where there are no assets to be administered in the bankruptcy case, where the enforcement of an order to pay child support is not subject to the automatic stay, and where collection of the Debtor's child support obligations would not be barred by the discharge order. In short, there is no bankruptcy reason that would justify the entanglement of this Court in the long-pending state matrimonial action.

Turning to the request for a stay pending appeal, the Court first observes that there is nothing to "stay": the Debtor requested affirmative relief, which this Court denied. Putting this problem aside for the moment, it is clear that the Debtor would not be entitled to a stay pending appeal in any event.

In deciding whether to grant a stay, the Court must consider the following four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Babbit v. Vebeliunas (In re Vebeliunas)*, 2002 WL 535503 at *1 (S.D.N.Y. Apr. 10, 2002).

The Court will first address the request for a stay pending appeal as to that part of the Court's May 3, 2006 order that denied Debtor's request to stay garnishment of her wages by the Support Collection Unit of Dutchess County. First, for the reasons discussed above, the Debtor has made no showing that she will succeed on appeal. Second, the Debtor states in her May 9, 2006 letter that the obligation to pay $251 per week in child support "is causing irreparable harm and denying me the ability to retain counsel in state court or any court to repair the constitutional loss of proper family rights that has gone on for a very long time now." This fact alone, without more, is not sufficient to convince this Court to disturb the determinations of the state court that is charged in the first instance with determining issues of family law and the extent of support obligations. Even if it is true that the Debtor's obligation to pay child support is resulting in her own irreparable harm, there does not appear to be a remedy for that harm in the Bankruptcy Court. The third factor is very significant because the Court has an incomplete picture of the matrimonial action in state court and is unable to assess whether other interested parties in that proceeding would be substantially injured by an order staying state court proceedings and the collection of child support. The very nature of child support suggests that the Debtor's children would be harmed by an order staying the support. Finally, the Court does not believe that it would be in the public interest for the Bankruptcy Court to act as an improper court of appeal and become involved in a state court matrimonial action where no bankruptcy interests whatsoever are implicated.

Finally, the Court will consider that part of the May 3, 2006 order that denied the request to amend or reopen Debtor's motion seeking sanctions for violation of the automatic stay against Timothy Shockome, the Debtor's former spouse, and Philip Kenny, Mr. Shockome's attorney in the divorce proceedings pending in New York State Supreme Court, Dutchess County. The Debtor was present at the March 9, 2006 hearing. At the March 9 evidentiary hearing, Debtor's counsel argued that the Support Collection Unit of Dutchess County had garnished excessive amounts from the Debtor's paycheck. Debtor's counsel commented that this issue "should not be [the Bankruptcy Court's] problem"; this Court agreed and refused to hear the issue because it involved payment of child support ordered by the state court and immediately raised *Rooker-Feldman* concerns. Debtor's counsel did not pursue this argument further and instead addressed the alleged stay violations. The alleged stay violations were resolved at the March 9 evidentiary hearing after the parties informed the Court, speaking through their attorneys, that they would stipulate to a finding that a violation of the stay had occurred, which would be settled by (1) payment to Debtor's counsel, by Mr. Shockome and Mr. Kenny, of $1,500 as legal fees and costs for representing the Debtor in the action, and (2) consent to strike the provision of the divorce decree that violated the automatic stay. An order memorializing the March 9, 2006 settlement was entered today.

The Court questions whether the Debtor has any right, let alone a likelihood of success, to appeal an order that was agreed to by her attorney, in her presence, and which is binding upon her. It is unlikely that the Debtor will suffer any irreparable harm in the absence of a stay pending appeal, because the settlement resulted in payment to her attorney of attorneys' fees for which she would otherwise be responsible. The Court also believes that it is in the public interest to hold parties to the agreements that they have made.

For all of the foregoing reasons, the Debtor's request for a stay pending appeal is **DENIED**.

Dated: Poughkeepsie, New York
      May 11, 2006              /s/ Cecelia Morris
                                          CECELIA G. MORRIS
                                          UNITED STATES BANKRUPTCY JUDGE